TENNESSEE EASTMAN CORPORATION *v.* CALLIE R. RUSSELL.*

(*Knoxville.* September Term, 1924.)

**MASTER AND SERVANT.** Finding death of workman was accident arising out of course of employment held conclusive.

Finding of trial judge that death of workman found in still house was from some accidental cause while at his work, acting together with his physical condition, and that death arose out of and in course of his employment, *held* binding on appeal.

Cases cited and approved: Meade-Fiber Corp. v. Starnes, 147 Tenn., 362; Tenn. Chemical Co. v. Smith, 145 Tenn., 532; Milne v. Sanders, 143 Tenn., 620; Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 665.

*Headnote 1. Workmen's Compensation Acts, section 144.

FROM SULLIVAN.

Appeal from the Law Court of Sullivan County.—HON. D. A. VINES, Judge.

COX & TAYLOR and MORISON, KELLY & PENN, for Tenn. Eastman Corp.

WORLEY & McAMIS and JOHN R. TODD, JR., for Russell.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

*On injuries "arising out of and in the course of employment" within the meaning of Workman's Compensation Acts, in general, see notes in L. R. A., 1916A, 40 232; L. R. A., 1917D, 114; L. R. A., 1918F, 896.

On recovery under workman's compensation, as affected by pre-existing epilepsy, see note in 19 A. L. R., 97.

This is an appeal from a judgment awarding compensation for the accidental death of the husband of the petitioner, who was an employee of the defendant company. It is insisted that the proof failed to show that his death was "by accident arising out of and in the course of employment," but that his death resulted from disease in the form of epilepsy.

The deceased workman was found dead, his body yet warm, lying in the place of his accustomed employment, in what is described as a "still house," a part of a plant used by the defendant corporation for the manufacture of alcohol, near one of the stills or vats, the operation or supervision of which was a part of his duty. The deceased was employed on the night shift, and went on duty the preceding night at eleven o'clock. His body was found by his fellow workmen when they came to relieve him the following morning. His face was discolored and his head and neck bruised; the evidence varying as to the extent of the apparent injuries. It appears that there was a platform on which the deceased was accustomed to work, and there was some evidence of defective or obstructing conditions in connection with the platform that may have contributed to the fall of the deceased.

It is insisted for the defendant company that the position in which the body was discovered, shown in the record by a photograph and otherwise, precludes the theory that he fell accidentally, or at all, into the position in which he was found, but that the deceased was seized with an epileptic fit and crawled into this position and there died from the disease.

The trial judge, reviewing the facts, found that the deceased was not subject to epileptic fits, but that he had been previously injuriously affected physically by the fumes and odors arising from the vats or stills, and that while affected by, or suffering from, the effects of these fumes and odors, and perhaps blinded thereby, he "got on this defective part of this platform and that he fell, and it may be that after he fell . . . he was in such a position that he could not help himself, and that his breath was cut off and that he died under those circumstances, because of the position that he fell in, or it may be that the lick itself may have killed him. He had evidence of some violent connection with some hard substance, both on the head and on the jaw. In other words, I find that from some accidental cause while at his work, perhaps by falling, acting together with his physical condition, his death was produced." On this finding of facts the trial judge gave judgment in favor of the petitioner.

While there is some evidence tending to support the theory of the defendant that the deceased was subject to epileptic fits, there is positive and material evidence to the contrary, and the finding of the trial judge must therefore control. This theory of the defendant being eliminated, there would seem to be sufficient evidence in the record to sustain the insistence, in accordance with the finding of the trial judge, that the death was "by accident arising out of and in the course of the employment" of the deceased.

In Honnold's Workman's Compensation, vol. 1, p. 310, cases are cited to sustain the text, to the effect that, where a person is found dead under circumstances such

as these, the death is *prima-facie* accidental. The facts and circumstances above set forth, we think, afford ample support to the conclusion reached by the trial judge.

The case of *Meade-Fiber Corp.* v. *Starnes,* 147 Tenn., 362, 247 S. W., 989, is relied on by the defendant corporation, but in that case it was suggested by the court, speaking through Special Justice SMITH, that there was ''an entire absence of anything akin to accident.'' That was a case of a claim for compensation because of a diseased condition claimed to have resulted from inhaling dust while working in a chemical plant. Distinction was emphasized in the opinion between a sickness, or disease, ultimately resulting from engaging in such an occupation, under the conditions described, and an accidental injury, such as from a fall, as is the theory in the case at bar.

A distinction is generally recognized by the authorities between a diseased condition brought about by habitual employment under adverse conditions and an accidental injury incurred in the course of the employment, although contributed to by a temporary impairment of the faculties, resulting from unusual conditions, atmospheric or otherwise. It is said that ''a previously diseased condition of the employee which predisposes him to such an accident as he sustained will not prevent the accident from being regarded as arising out of the employment.'' C. J. Workmen's Compensation Pamphlet, 76, and cases cited. Also, see pages 63, 65, and 69, Id. To the same effect in Honnold's Workmen's Compensation, p. 280, it is said that a pre-existing weakness or disease will not prevent the injury from being the result of an accident, if the accident is the immediate cause of the injury.

And again, on page 290, Id., it is stated that an acceleration or aggravation of a pre-existing ailment may be a personal injury, in the sense of the compensation laws.

The conclusions reached are in harmony with the general purposes of the act and the liberal construction to be given it, and with the opinions of this court in *Tenn. Chemical Co.* v. *Smith,* 145 Tenn., 532, 238 S. W., 97; *Milne* v. *Sanders,* 143 Tenn., 620, 228 S. W., 702, and *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 665, 257 S. W., 395.

It results that the judgment must be affirmed.