RILEY *et al. v.* KNOXVILLE IRON CO. *et al.*

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

GRIMM & TAPP, of Knoxville, for plaintiffs in error.

MEEK, KELLY & TATE, of Knoxville, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a compensation case brought under the Workmen's Compensation Law of Tennessee—Code, section 6851 et seq. Petitioners are the grandson and daughter, respectively, of Gardner Holt, deceased, who, it is averred, was a regular employee of defendant, Knoxville Iron Company, and on April 19, 1940, sustained an injury by accident arising out of and in the course of his employment, which injury wholly incapacitated him from doing further work and thereafter he was sent to a hospital by the defendant where he was operated on by defendant's physician on May 24, 1940, and that death resulted from the operation on May 26, 1940; that deceased's hospital and medical bills were paid by defendant, who likewise paid compensation to deceased by three payments aggregating $20.

The answer of defendants admitted that Gardner Holt was a regular employee of Knoxville Iron Company and that he died as a result of the surgical operation

which they tendered and paid for; that they made the compensation payments, as alleged in the petition, but denied that their conduct in paying compensation and medical expenses precluded or estopped them from questioning their original liability. No denial of the accidental injury averred in the petition is contained in the answer, but not having been admitted must be taken as denied, the proceeding being equitable in nature. *King v. Buckeye Cotton Oil Co.*, 155 Tenn., 491, 296 S. W., 3, 53 A. L. R., 1086.

On the hearing, the trial judge held that defendants were not estopped or precluded from questioning their original liability and further held that there was no evidence to establish an accidental injury arising out of and in the course of deceased's employment and dismissed the petition.

Petitioners have appealed to this court and assigned errors.

Certain of the assignments of error, taken together, challenge the finding of the trial judge that there was no evidence adduced to establish an accidental injury to the deceased arising out of and in the course of his employment.

The proof shows that the deceased was 47 years of age, in good health, and was working regularly prior to Friday, April 19, 1940, on which day he was operating an iron bending machine, bending three iron bars at a time, each bar 5/8ths of an inch in diameter, 40 or 45 feet in length, and weighing together 250 or 300 pounds; that it was necessary that he lift the bars out of the vice and turn them over. As said by the witness John Ragan, "He was in a strain all the time, reaching over the machine, I will say about two feet; lifting those bars." About noon on Friday, deceased complained that he was

tired, but, continued his work until the regular quitting time at 4 P. M. He walked home, about one block from the plant, and when he got there complained of "hurting and burning in his side." He spent all day Saturday and Sunday in bed. On Monday morning he went to the plant of his employer, appearing to be suffering pain, and walking "all spraddled out." He was swollen in the region of his privates. Dr. Hill, defendant's physician, examined deceased on Monday, the 22nd, and found "a large hernia on the right side," and a "very marked redness of the skin extending downward, on down his right thigh, in the scrotum marked swelling on the right side; redness of skin," resembling erysipelas. Dr. Hill was unable to say definitely whether the hernia was of recent origin or of some standing; that the usual hernia is comparatively small, while in the case of deceased it was large; that he operated on deceased for the hernia on May 24th, after the infection of the skin had cleared up, and deceased died on May 26th as a result of the operation. He further testified that a person can precipitate a rupture by coughing or sneezing hard, or straining at stool, "in other words, bring it out where it is termed a rupture;" that a person can have a hernia and continue to work; that whether he knows he has a rupture depends on its size. In his written report to the insurance carrier, Dr. Hill was asked: "Is the accident above referred to the only cause of patient's condition? A. Yes." While deceased's statement that he had an accident and the way it occurred is not proof that the accident did happen, nevertheless it constitutes a part of the history of the case given the doctor. In his report, Dr. Hill definitely related the hernia to the accident. This negatives any suggestion that Dr. Hill could have considered that the hernia was of long standing. He

admitted that standing and straining in lifting could or might cause hernia.

Dr. Armstrong, witness for petitioners, testified that the character of work being performed by deceased on April 19th could produce hernia.

There is an absence of any evidence in the record tending to show that after quitting work at 4 P. M. on the 19th, anything happened to deceased, or that he did anything that could have caused the rupture. He had only one block to walk to his home and was suffering with pain in his side when he got there. Saturday and Sunday he spent in bed.

Three fellow-workmen with deceased, who testified in the case, made no mention of an accidental injury to deceased, or any unusual occurrence to indicate that deceased had suffered an accident or was in bodily pain.

In *Tennessee Chemical Co.* v. *Smith,* 145 Tenn., 532, 238 S. W., 97, it was held that accidental death within the Compensation Law is provable by circumstantial evidence just as any other fact may be proven. To like effect, see *Tennessee Eastman Corp.* v. *Russell,* 150 Tenn., 331, 265 S. W., 540. In 71 C. J., pp. 1085, 1086, it is stated that, "Circumstantial evidence may be sufficient to support a finding of fact or an award, and a finding or award may be based on inference drawn from circumstantial evidence," etc. Numerous authorities are cited in support of the text. In *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill., 96, 115 N. E., 149, 154, the court said:

"Where there is no eyewitness, the fact at issue may be proved by circumstantial evidence. Such evidence consists of proof of certain facts and circumstances from which the court may infer other connected facts which

112

usually and reasonably follow according to the common experience of mankind."

In *Czuczko* v. *Golden-Gary Co.,* 94 Ind. App., 47, 177. N. E., 466, 469, 179 N. E., 19, the court quoted the above paragraph from *Ohio Bldg. Safety Vault Co.* v. *Industrial Board,* and added: "When there are certain facts proved, the court not only may, but it is its duty to draw therefrom legitimate inferences that seem most reasonable."

█ In the instant case, the proof shows without contradiction that deceased, a healthy strong man, without previous history of hernia, engaged in a very heavy work, subjecting himself to strain in lifting heavy bars of iron, left his place of employment, walked one block to his home and there complained of pain in his side, went to bed and remained there for two days. On the morning of the third day his employer's physician found him suffering from a hernia. From these undisputed facts, the inference is irresistible that he received this injury in the course of his employment while lifting these heavy bars of iron. This is the reasonable inference to be drawn from the proven facts.

We think the trial judge erred in holding that there was no evidence to show that the deceased received an accidental injury arising out of and in the course of his employment. The result is that the judgment of the trial judge must be reversed and judgment entered here for $100 in favor of Bessie Holt Riley for funeral expenses of deceased paid by her, with interest thereon from date of the filing of the petition herein, and in favor of William Robert Riley, compensation at the rate of $5 per week during his dependency, not exceeding four hundred weeks, with judgment for the amount past due, including

the interest thereon computed on a weekly basis. The cause will be remanded to the circuit court of Knox County for such proceedings as may hereafter become necessary. The costs of the case will be paid by defendants.