SWIFT & Co. *v.* HOWARD.

*(Knoxville,* Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

Rehearing denied July 17, 1948.

STRANG, FLETCHER & CARRIGER, of Chattanooga, for plaintiff in error.

FRAZIER, ROBERTS & WEILL of Chattanooga, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a compensation case brought under the Workmen's Compensation Law of Tennessee, Code, section 6851 *et seq.* The petitioner avers that he strained his back in lifting a side of beef on February 9, 1947, and that he "has not been able to do any work of any kind since," and "that his injuries have totally and permanently disabled him from doing any work". He also avers that these injuries arose out of and in the course of his employment.

The defendant concedes that the petitioner was employed by it on the date of the accident at a wage of $38.40 per week. It is "denied that petitioner suffered any accident, injury or disability arising out of or in the course of his employment; and further, that if petitioner in fact has or has had any disability, that the same is due to other causes; and that petitioner had refused suitable employment."

On the hearing, the Trial Judge held that "he has made out a case—90% total disability under the proof—there is no proof he could do any regular work."

This holding effectually was that the petitioner had suffered permanent partial disability to the extent indicated. That is to say the petitioner is able to perform some labor but his capacity to perform labor of his economic value as a laborer is by reason of the accident and injury reduced below what it was at the time of injury and extending for some considerable period of time. Subsection (c) of Code Section 6878, as amended by Pub. Acts 1941, Chap. 90, sec. 5 (in force on the date of the accident here claimed), deals with permanent partial disability and carries a schedule fixing the compensation to be paid for the loss of the various members of the body. The concluding paragraph of this subsection reads:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be sixty per cent of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition subject to a maximum of eighteen dollars per week. Compensation shall continue during disability, not, however, beyond three hundred weeks."

Obviously, if the petitioner suffered an accident arising out of and in the course of his employment which disabled him to the extent of 90%, a simple mathematical calculation supports the award of $18 per week for three hundred weeks as here awarded.

The petitioner says that he was engaged in carrying beef from a railroad car into the cooler at the defendants warehouse. He says that when he stooped over lifting 175 pounds of beef from a hook in the railroad car he was injured in his back. "Just a sharp pain come in my back. It did not hurt too awful bad the rest of the day until I went home at night and quit work." There is no supporting evidence that he claimed any injury at the time. His Aunt, with whom he lived, supports his statement as to his suffering that night.

He returned to work the following day and after working about an hour he says his back hurt so bad he had to quit work. He then reported this fact to the defendant who sent him to a doctor. This doctor could find no evidence of any injury but did strap up his back. This gave him no relief and a day or so later he returned to this doctor who sent him to another doctor where an x-ray was made of his back. This doctor prescribed a hard bed and no bending of the back.

The x-ray pictures showed that the petitioner had a congenitally weak back known as a sacrazilation. In the

opinion of the doctors such a back was more likely to be injured from strain than a normal back would be. They say that the petitioner could have done hard work for years and not known that his back was more easily injured than a normal back; that a "very frequent" cause of pain and disability is "excessive body bending or strain and lifting heavy objects." The petitioner was advised to form a habit of stooping or squatting when he lifted things rather than bending his back. One doctor said: "For the type of work he was doing I felt he was disabled." It was also said that he would likely have some pain permanently unless he had a corrective operation. Such an operation is considered a major operation but is rarely fatal.

The petitioner has no trade or profession. Prior to his employment by the defendant he worked on a farm and at logging and saw-milling. He served in the United States Infantry for three years and was injured in battle for which injury he receives a pension on a 30% disability basis. This injury has no connection with the back injury here claimed. While working for the defendant his work was satisfactory. He says that he has tried to work since the accident herein complained of but cannot do so.

It is very forcibly, earnestly and sincerely argued that there was no accident; that "petitioner merely has a congenital defect"; and that the testimony of the petitioner "is manifestly untrue and incredible, and is contradicted by physical facts, and is without evidentiary value—".

This argument and the assignments based thereon obviously largely assail the determination of the preponderance of the evidence by the Trial Judge. "The preponderance of the evidence is not an open question in

this Court, which is bound by the finding of the trial judge in that regard, if there was any material evidence to support it." *Anderson* v. *Volz Const. Co.*, 183 Tenn. 169, 175, 191 S. W. (2d) 436, 438. We do not reweigh the evidence nor do we attempt to see where the preponderance lies. The preponderance of the evidence might be against the finding of the trial judge yet if there is material evidence to support his finding we must affirm on this score. *Vester Gas Range Co.* v. *Leonard*, 148 Tenn. 665, 257 S. W. 395. "The weight of evidence and the credibility of the witness are finally determined in the trial court." *Anderson* v. *Volz, etc., supra.* We must also remember that "circumstantial evidence may support a finding of fact or an award in workmen's compensation proceeding, and a finding or award may be based on inference drawn from circumstantial evidence." 2nd Head note, *Riley* v. *Knoxville Iron Co.*, 178 Tenn. 107, 156 S. W. (2d) 398.

Bearing in mind the above pronouncements of this Court there is nothing that can be done here for the defendant in so far as the finding of the trial judge is concerned on the question that petitioner suffered an accident arising out of and in the course of his employment. It is true this finding is based primarily on the testimony of the petitioner alone. Obviously there are certain inferences that might be drawn which constitute material evidence in support of the finding.

It is argued, and with much force, that for an injury of the kind complained of it was necessary that "muscle spasm" occur or be present at the time of the injury. There is no evidence of such herein in so far as any doctor observed. The petitioner does not so designate his condition as having a "muscle spasm" at the time of injury

or later. One doctor says: "Well, as a rule you have muscle spasm—especially earlier."

Based on this argument it is said the lack of "muscle spasm" is conclusive that there was no injury. The underlying reason for this argument is that the testimony of the petitioner "is opposed to the unquestioned laws of nature" and "in conflict with scientific principles" and therefore "is of no probative value." 20 Am. Jur., p. 1035, sec. 1184.

We do not question this proposition but the facts as here shown do not absolutely make the petitioners statements come within the rule. The medical testimony does not make it absolutely necessary that "muscle spasm" occur. The testimony is that "as a rule you have muscle spasm." Then too, the trial judge could have concluded "muscle spasm" was present before the doctors saw the man. "Where a court cannot say as a matter of law that the testimony of a witness is contrary to scientific principles or the law of nature, the question whether the testimony does so conflict should be regarded as one of fact for the jury to determine." 20 Am. Jur., *supra.*

■ ■ Whether there was an accident, and whether the petitioner's condition was the result of such accident, if there was one, are purely questions of fact.

A vigorous attack is made on the finding of disability herein because all evidence of injury is purely subjective, *i. e.,* what the petitioner tells himself of his pain. No doctor can find any objective symptom, *i. e.,* what he discovers from a physical examination of the petitioner. This again presents a fact question and a question of credibility of the witness both of which are for the trial court who saw and heard the witness testify.

. It is said the trial court erred because of the admission of the following statement of Dr. Newell when he said:

"And that was my theory, that on account of this unusual condition in his lumbosacral region there, that he sustained this injury of which he complained."

The basis of this assignment is that the above quoted opinion of the doctor is based on subjective and not objective evidence and that it is therefore inadmissible because it is based on a statement of the petitioner alone and on no objective finding of the doctor. When we read the entire testimony of this doctor we find the above quoted opinion is merely the last sentence of his opinion. He says in the outset of the answer to a question, of which the above quotation is a part, that "I made up my mind what was the matter with him from an x-ray that I had, which was part of my examination."

It would thus appear that the opinion is based on an actual finding of a congenital defect of the back which might cause the pain and suffering complained of under conditions as described by the petitioner. It must be remembered that the trial judge is trying this, a compensation case, without a jury. He could, if he made up his mind that the petitioner was detailing the truth of his pain and suffering, connect the cause therefor to the injury complained of.

"Compensation is properly awarded for disability resulting from aggravation of a pre-existing disorder by an accidental injury," *Sanders* v. *Blue Glass Corporation*, 161 Tenn. 535, 543, 33 S. W. (2d) 84, 86.

When an employer employs a workman he takes him as he is and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person. If

the injury is the proximate cause of the disability, i. e., excites and aggravates a previous weakened condition then the employer is liable.

Thus we have herein one claiming an award in a compensation case for an injury to a congenital back condition which is claimed to totally incapacitate him from doing any work. The trial judge seeing and hearing the petitioner is convinced that he is so disabled. We are bound by this finding, there being material evidence to support it.

The extent of the disability is a fact question for the trial court. All the doctors agree that the injury could cause "some pain permanently." Dr. Newell says: "For the type of work he was doing I felt he was disabled." The petitioner claims he cannot do any work. He says he has tried but on account of the pain he cannot work. His statements in this regard, as in others, are vigorously assailed but the trial judge apparently credited them more than does the defendant. The duty of weighing this evidence and the credibility of the witnesses is on the trial judge and not this Court.

For the reasons assigned the judgment below must be affirmed.

All concur.