R. G. Drinnon, Plaintiff in Error

*v.*

C. G. Pope et al., Defendants in Error

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Earnest R. Taylor, Morristown, for plaintiff in error.

W. J. Barron, Carter B. Wall, and Stuart F. Dye, Knoxville, for defendants in error, Kramer, Dye, McNabb & Greenwood, Knoxville, of counsel.

Mr. Justice Swepston delivered the opinion of the Court.

This is a Workmen's Compensation case in which the trial court made an award for temporary total disability, hospital and medical benefits for that period, but denied a recovery for permanent total disability, from which the employe has appealed and assigned error.

The defendants in error, C. G. Pope, Katie B. Pope and Tom W. Pope, operate as The Walnut Woodcarving

Company in Hamblen County, at which plant plaintiff in error, hereinafter called plaintiff, was employed from April, 1956, until January 19, 1957, the date of his injury. His duties consisted generally of operating a spray gun, spraying paint, but on this particular day he had been instructed to take a broom and sweep down the dried particles of the paint that had settled overhead. While so engaged he was seized with a violent fit of coughing and suffered a hemorrhage of the lungs.

The trial court found that the plaintiff had suffered as accidental injury in the course of his employment; that the injury had aggravated a preexisting condition to the extent that plaintiff was totally disabled from the date of the injury, January 19, 1957, until the date of the trial, June 20, 1957; that he was entitled to receive benefits based upon his being totally disabled for that period; also for hospital and medical benefits for that period; but that on June 20, 1957, he was just as able to work as when he went to work for defendants in April 1956, and as he was just before he had the hemorrhage on January 19, 1957; that the plaintiff was suffering no additional disability as a result of the hemorrhage after he had recovered from the latter.

By the assignments of error these findings of the trial court are challenged, especially the net result of same to the effect that the court found that the plaintiff was not permanently disabled.

Counsel for the respective parties are fully cognizant of the rule in these cases that this Court on appeal does not weigh the evidence, but merely determines whether or not there is material evidence to support the judgment of the trial court. Counsel for the plaintiff,

however, while disavowing any attempt to disregard this rule, has in his zeal for his client apparently disregarded same. An examination of the record readily reveals that there is ample testimony showing that plaintiff had had a lung or bronchial trouble for years; that in 1954 he suffered a hemorrhage as a result of chasing a cow on the farm; that he had marked calcification in 1954 and that the x-ray films made in January of 1957 are not too different from the films made in 1954; that on account of his lung condition he was not suited for heavy work or heavy lifting either in 1954 or at the time he went to work for the defendants and that if he had had a pre-employment examination, he probably would not have been employed in that type of work; that while he suffered the temporary total disability in 1957, he suffered no permanent disability on account of the hemorrhage in January 1957.

By the fourth assignment the plaintiff insists he is entitled to recover for permanent disability, even though he has recovered from the hemorrhage, because the evidence shows that he is no longer able to do the work that he was doing on the date of the injury at defendants' plant. He relies upon the rule stated in *Swift & Co. v. Howard*, 186 Tenn. 584, 212 S.W.2d 388, to the effect that an employer takes a workman in his then condition and assumes the risk of having a weakened condition aggravated by some injury which might not hurt a normal or healthy person, and is liable for compensation, if the injury aggravates a previous weakened condition.

It is insisted that the fact is undisputed and that the conclusion to be drawn from the undisputed facts present

a question of law, citing *Wilson v. Van Buren County,* 196 Tenn. 487, 268 S.W.2d 363, and cases cited therein.

Some question is raised by adversary counsel as to the sufficiency of this assignment No. 4 on the ground that it was not embodied in the motion for a new trial in a manner to specifically present the matter to the trial judge. We find it unnecessary to resolve that question, because we think that counsel for plaintiff is obviously mistaken in his insistence that the rule of *Swift & Co. v. Howard, supra,* is applicable. As heretobefore shown, there is substantial evidence that plaintiff's condition was not permanently affected or impaired by reason of the accident of January 19, 1957. Almost the concensus of medical proof is that this man was not suited to heavy work or heavy lifting at the time of his hemorrhage in 1954 on up to that of 1957 and the fact that he was doing some or all of that type of work does not necessarily mean that he was physically suited to do so but that his doing it was in spite of his lack of suitability and it was continually fraught with the danger of hemorrhages. That question has arisen in many cases where permanent and total disability is involved, that is, it is shown that a person is permanently and totally disabled, although he was doing his regular type of work out of sheer necessity and not because of ability.

The condition of the plaintiff would naturally compel the sympathy of anyone, yet we are confined to a decision of the case on the basis of established rules of law and procedure. We find it necessary, therefore, to overrule all the assignments of error and affirm the judgment of the trial court with costs.