Mary Agnes **DISMUKE**, Plaintiff-Appellant,

v.

**ARKANSAS-BEST FREIGHT SYSTEMS, INC.**, Defendant-Appellee.

No. 16030.

United States Court of Appeals
Sixth Circuit.

May 25, 1965.

Charles G. Black, Memphis, Tenn., (Charles C. Burch, Memphis, Tenn., on the brief), for appellant.

Robert M. Burton, Memphis Tenn., (Leo Bearman, Memphis, Tenn., on the brief), for appellee.

Before MILLER and EDWARDS, Circuit Judges, and MACHROWICZ, District Judge.

PER CURIAM.

This appeal is taken from a judgment for defendant entered by a United States District Judge. Jurisdiction is founded on diversity of citizenship.

Plaintiff-appellant is the widow of an employee of defendant (William Dismuke) who was murdered by a fellow employee (Joe Rose). She sought death benefits under the Workmen's Compensation Act of Tennessee, T.C.A. §§ 50-901 et seq., alleging that the death of her husband arose out of and in the course of his employment.

The murder is undisputed, as is the fact that it occurred on defendant's premises during working hours. It is also undisputed that it followed an episode where Rose had attempted an affair at a motel with a married woman, had nearly been caught by her irate husband, and had discovered (or thought he had) that Dismuke had tried to frame him.

Plaintiff-appellant's testimony tended to show that antagonism related to their job relationship had built up during the preceding year between Dismuke and Rose, and that the motel episode was merely a culminating spark. Defendant-appellee's testimony tended to establish that the men were on a friendly basis prior to the motel episode.

After testimonial hearing Judge Marion Boyd entered detailed findings of fact which described the motel episode. The last such finding was: "The violent emotion of Joe Rose, which erupted on May 15, 1961, had its inception in the belief that Dismuke had framed him in the illicit love affair aforesaid."

Judge Boyd then entered conclusions of law, including the following:

"The death of William Dismuke was the result of an assault by a co-employee. The assault was preceded by an emotional outburst which was triggered by the realization or belief by Rose, the assailant, that Dismuke had framed him in an alleged illicit love affair. Since the origin of the injury lay in heated emotions aroused over the aforementioned love affair, the assault was of a purely personal nature and therefore non-compensable, there being no causal connection between any duty of employment and the assault. Mc-

Connell v. Lancaster Bros., 42 S.W. 2d 206, 163 Tenn. 194 (1931)."

Our review of this record indicates that while there was testimony to support plaintiff-appellant's theory of the case, there was also substantial evidence to support the findings of fact of Judge Boyd. Drinnon v. Pope, 202 Tenn. 684, 308 S.W.2d 424 (1957).

We certainly cannot say that his findings were "clearly erroneous." Rule 52 (a) Fed.R.Civ.P.; Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Affirmed.