

FILED

November 29, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 11:30 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Kathleen Delores LaGuardia | ) Docket No. 2016-02-0380 |
| | ) |
| v. | ) State File No. 51640-2016 |
| | ) |
| Total Holdings USA, Inc., d/b/a | ) |
| Hutchinson Sealing Systems, et al. | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

**Reversed and Remanded – Filed November 29, 2017**

---

The employee alleged she suffered an injury when she slipped and fell at work. At a prior expedited hearing, the trial court determined the employee did not come forward with sufficient evidence to support a preliminary finding that her accident arose primarily out of her employment and denied benefits. That order was not appealed. Thereafter, the employer filed a motion for summary judgment, arguing the employee "cannot prove that her injury arose out of her employment." Following a hearing on the employer's motion, the trial court entered an order granting summary judgment in favor of the employer. The employee has appealed, arguing there are genuine issues of material fact that preclude summary judgment. Upon careful consideration of the record, we reverse the order granting summary judgment and remand the case to the trial court for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Russell W. Adkins, Kingsport, Tennessee, for the employee-appellant, Kathleen Delores LaGuardia

Michael L. Forrester, Kingsport, Tennessee, for the employer-appellee, Total Holdings USA, Inc., d/b/a Hutchinson Sealing Systems

1

## Factual and Procedural Background

Kathleen LaGuardia ("Employee") worked as a machine operator for Total Holdings USA, Inc., d/b/a Hutchinson Sealing Systems ("Employer"), at its automobile parts manufacturing facility in Hawkins County, Tennessee. On July 11, 2016, Employee was performing her job duties clipping excess metal from the end of each part, sponging the parts, placing the parts in boxes, and stacking the boxes behind her. As she stepped off her work mat onto the concrete floor, her right foot slid, her right leg went into the air, and she fell, striking her right ankle on the concrete floor. As a result of this accident, she was diagnosed with a medial malleolus fracture, a fibula fracture, and a dislocated talus in her right leg.

During her discovery deposition, Employee testified that after the accident, she noticed her pants were "filthy" and covered with an "oily dust." She further testified that the oily dust "was all over my side that I fell on."[1] She also stated that this "oily dusty substance" was "right around [her] workstation." During the expedited hearing, she reiterated this testimony, adding, "I was covered with all that black dust from extrusion."[2]

However, Employee admitted that she did not know what caused her to slip. She testified, "[i]t's a concrete floor. I don't know if it's oil or something on the floor. I have no idea." She acknowledged she was unaware of any water or other liquid on the floor where she slipped. She also admitted there were no wet spots on her clothes after her fall. During the expedited hearing, Employee explained that "[t]he floor's slippery; whatever debris was on the floor, I could have slipped on." On the other hand, she admitted, "I did not see what I slipped on."

In its motion for summary judgment and supporting brief, Employer acknowledged that Employee's injury occurred in the course of her employment, but it argued that "Employee cannot prove her injury 'arose out of' her employment." Employer asserted that unless Employee can show that a "hazard incident to employment" was the primary cause of her accident, it is entitled to judgment as a matter of law.

In response to Employer's motion, Employee argued that "Employer evidently expected [Employee] to crawl in [sic] the floor with a serious ankle fracture while she was in excruciating pain in order to locate and identify the object or substance on which she slipped." She further noted the opinion of the treating physician, Dr. Karen McRae, who concluded that Employee's injury was consistent with the mechanism of accident as

---

[1] Excerpts from Employee's discovery deposition were attached as an exhibit to Employer's motion for summary judgment.

[2] Excerpts from the transcript of the expedited hearing were attached as an exhibit to Employer's motion for summary judgment.

described by Employee and that her injury was caused by a work-related slip-and-fall. Finally, Employee argued that the cause of a work accident can be shown by direct evidence, circumstantial evidence, or some combination of the two, and that she had created a genuine issue of material fact concerning whether her injury arose primarily out of her employment, making summary judgment inappropriate.

In its order granting summary judgment, the trial court concluded that Employee "can only speculate as to what made her slip." It therefore found that her evidence was "insufficient to prove that a hazard of her employment caused her fall and her subsequent injury." As a result, the trial court found "no genuine issue of material fact," granted Employer's motion for summary judgment, and dismissed Employee's case with prejudice. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015). In addition, a trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *See Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.").

## Analysis

To qualify for workers' compensation benefits, an employee must prove by a preponderance of the evidence that his or her injury arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14) (2017). To meet this burden, an employee must prove that "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(A).

When a motion for summary judgment has been filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, a trial court may enter judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact." Tenn. R. Civ. P. 56.04. Moreover, a trial court must determine that the moving party has: (1) affirmatively negated an essential element of the nonmoving party's claim; or (2) demonstrated that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the claim. *See* Tenn. Code Ann. § 20-16-101 (2017); *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015). Once the moving party meets its burden of production at the summary judgment stage, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Rye*, 477 S.W.3d at 265 (citation omitted). Instead, the nonmoving party "must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* Finally, in reviewing a decision granting summary judgment, an appellate court "must review the evidence in a light most favorable to the nonmoving party and draw all inferences in favor of the nonmoving party." *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp. Panel Sept. 28, 2016).

Nothing in the workers' compensation law dictates the type of proof an employee must present to establish that an accident arose primarily out of employment. While direct evidence, such as eyewitness testimony, can satisfy this burden, an employee can also meet this burden with circumstantial evidence. *See, e.g.*, *Halliburton v. Metokote Corp.*, No. M2004-00364-WC-R3-CV, 2005 Tenn. LEXIS 231, at *8 (Tenn. Workers' Comp. Panel Mar. 21, 2005) ("Any fact may be proved by direct evidence, circumstantial evidence, or a combination of [the two]."); *Swift & Co. v. Howard*, 212 S.W.2d 388, 390 (Tenn. 1948) ("Circumstantial evidence may support a finding of fact or an award in [workers'] compensation proceeding[s], and a finding or award may be based on inference[s] drawn from circumstantial evidence.") (citation omitted); *Tennessee Chemical Co. v. Smith*, 238 S.W. 97, 98 (Tenn. 1921) ("That his death was so caused may be shown by circumstantial evidence just as any other fact is proven."); *see also Padilla v. Twin City Fire Ins. Co.*, 324 S.W.3d 507, 517 (Tenn. 2010) (Wade, J., dissenting) ("[T]he law does not distinguish between the probative value of direct evidence and the probative value of circumstantial evidence.") (citation omitted).

In the present case, we must view the evidence in a light most favorable to Employee as the nonmoving party. Although Employee was unable to present direct evidence as to the cause of her slip-and-fall, she presented testimony that the area around her workstation was dusty; she described the substance as an "oily dust"; she testified that when her foot touched the concrete beyond her work mat, it slid out from under her; and she testified that her clothes were covered in dust and oil after she fell. Such testimony, although circumstantial in nature, could support a reasonable inference that her slip-and-fall was primarily caused by a hazard incident to her employment, namely, oily dust

4

produced by the extrusion process. Employer asserts in its statement of undisputed material facts that "Employee does not know what caused her to fall." While this may be true, the circumstantial evidence presented to date raises a genuine issue of material fact as to whether the "oily dust" was a hazard incident to her employment and caused her fall.

As a result, we do not agree that summary judgment was appropriate in this case. Instead, we conclude there is a genuine issue of material fact as to whether a hazard incident to employment was the primary cause of her accident and resulting injury. In so holding, we do not intend to suggest that Employee has proven by a preponderance of the evidence that her accident arose primarily out of her employment. Instead, we conclude merely that this case does not meet the standards for summary judgment.

## Conclusion

Based on the foregoing, we reverse the determination of the trial court and remand the case for additional proceedings.


**FILED**

**November 29, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 11:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kathleen Delores LaGuardia | ) | Docket No. 2016-02-0380 |
| | ) | |
| v. | ) | State File No. 51640-2016 |
| | ) | |
| Total Holdings USA, Inc., d/b/a | ) | |
| Hutchinson Sealing Systems, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of November, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Russell W. Adkins | | | | | X | radkins@wilsonworley.com |
| Michael L. Forrester | | | | | X | forrest@hsdlaw.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov