GRAVES *v.* UNION RY. CO.

(*Jackson*, April Term, 1941.)

Opinion filed June, 28, 1941.

LAMAR F. GRAVES, of Memphis, for plaintiff.

CANADA & RUSSELL and COOPER TURNER, JR., all of Memphis, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The question is whether the trial Judge erred in denying the motion of plaintiff below for a nonsuit. This action for damages for personal injuries went to the jury on two counts of the declaration, one charging common-law negligence, and the other statutory violations. At the close of plaintiff's proof the trial Judge sustained a motion for a directed verdict as to the common-law count

and, on the same day, entered an order in the case on the minutes of the Court reading as follows:

"Jury and P. I. on Common Law Count of Declaration
Jury Respited

"Came the parties herein by attorneys and also a jury of good and lawful men to-wit, B. C. Stewart, C. E. Luton, R. D. Meehan, O. M. Alsup, J. W. Cross, B. P. Wilson, W. L. Hill, R. H. Beard, P. B. Hyatt, John Keenan, N. J. Lippi, M. P. Freeman who were heretofore duly elected impaneled and sworn well and truly to try the issues joined and a true verdict render according to the law and the evidence, whereupon the court gave peremptory instructions on the common law count of the declaration, and the court being unable to complete the trial of this cause today the same was continued till tomorrow and the jury respited until then."

The bill of exceptions shows that, in this connection, at the close of the plaintiff's proof the following occurred, the jury having been excused:

"Mr. Turner: If your Honor please, on behalf of the defendant, The Union Railway Company, the only remaining defendant, I move for a directed verdict on the common law count at this time. (Argument)

"The Court: I am of the opinion that the evidence in this case shows that the deceased was guilty of proximate contributory negligence which would bar a recovery under the common law count. So I direct a verdict on that count."

The jury was then brought in and the trial Judge explained to the jury his reasons for holding as a matter of law that the deceased was guilty of contributory negligence, thus disposing of the common law count. The minute entry above set out was thereupon entered on that day. The record shows that after some discussion

between counsel and the Court, not pertinent here, the trial proceeded on the statutory count only and that, on the following day, at the conclusion of all the evidence, the defendant moved for a directed verdict on the statutory count, to which motion the Court responded, after argument, as follows:

"The Court: I think that the defendant has shown that this was a switching operation and I will direct a verdict on that count."

Plaintiff thereupon renewed a motion for a mistrial made and overruled on the day before, on the ground that in his statement to the jury, explaining his action in directing a verdict on the first count, the Court had prejudiced the case under the second count. To this the Court responded at some length refusing this motion, and the following next occurred:

"Mr. Graves thereupon moved the Court that he be permitted at this time to take a nonsuit against the Union Railway Company on both the common law count and the statutory count, and thereupon the following took place:

"The Court: I permit him to take a nonsuit under the statutory count, having directed a verdict as to the common law count."

A motion for a new trial complained of the refusal of the trial Judge to allow plaintiff to take a nonsuit because (1) the motion therefor was made before the jury retired; (2) the jury was never directed to find for the defendant; and (3) no verdict was ever returned in favor of the defendant. The motion being overruled, plaintiff appealed. The Court of Appeals affirmed in an able opinion by Judge ANDERSON. This Court granted *certiorari*. Argument was waived.

We have quoted at length from the record of the proceedings below, the precise proceedings and the order thereof being essential to the determination of the question of whether or not the application for a nonsuit as to the common-law count came too late, as held by the trial Judge and the Court of Appeals. The language of our statute (Code, Section 8816), relied on for petitioner here, reads: "The plaintiff may, at any time before the jury retires, take a nonsuit," etc. Section 8818 reads: "If the trial is by the court instead of the jury, the nonsuit or dismissal . . . shall be made before the cause is finally submitted to the court, and not afterwards."

The argument is, assuming that this statute applies to proceedings on a motion for a directed verdict, that the application was made in this case before the jury retired. Conceding the application of this statute, if the language is to be construed literally, if it is to be construed as meaning that until the jury shall have physically removed from the jury box, following a direction from the trial Judge to return a verdict for the defendant, a nonsuit may be taken, then, on the facts appearing, the application was in time. This issue comes down to this: Is it essential to the reason and spirit of this statutory provision that this useless physical formality be gone through with? Discussing this proposition, Mr. Justice NEIL, in *Railroad* v. *Sansom,* 113 Tenn., 683, at page 687, 84 S. W. 615, 616, said: "We are of opinion the Legislature intended that the right to take a nonsuit in a jury case should finally cease when the jury should properly begin 'to consider of their verdict,' under the law as above stated, whether there should be an actual withdrawal from the jury box or not. The substance of the matter is that there shall be no nonsuit allowed after a case has been fully committed to the consideration of the

jury." We have here a case where the trial Judge, in response to a motion that a verdict be directed, after argument, announces his decision, and then calls the jury before him and explains to the jury that he has done so and in detail states to the jury his reasons therefor, and causes to be entered on the minutes of the Court a record of his action, showing that he "gave peremptory instructions on the common law count of the declaration;" and thereupon recessed the Court, and the following day proceeded with the trial of the case on a second count of the declaration, to the conclusion of all the evidence. Does not an application made at this time and under these circumstances come too late, as to this count?

We have no reported case dealing with just such a situation.

■ The limitation period upon the "plaintiff's right to take a non-suit," given recognition in our statutes above quoted, dealing with cases where the trial is (1) before a jury, and (2) before a judge, is that the plaintiff must act before the case has reached that point where the right of decision has been passed to the jury or judge. That time has been reached when the right of further argument, or action by the parties is gone, and the right of decision has passed to the trial tribunal. The hearing is over, and it remains only to reach and render judgment. Before the passage of these statutes, a nonsuit might be taken at a later period, even after a decision had been reached. The recording of the verdict was the recognized point of limitation of the right of nonsuit. *Darby* v. *Pidgeon Thomas Iron Co.,* 144 Tenn., 298, at page 300, 232 S. W., 75, citing cases. The Legislature apparently conceived that this rule was too liberal, left the way open for experimenting with the Court, and so limited the right, as shown above.

While these statutes were not passed in contemplation of and do not purport to deal with the situation arising under the practice approved by our decisions, without statutory authority, of directing verdicts, with which we are now concerned, it would seem that the same principle would apply, and that the right to act in application for a nonsuit should be held to expire when the decision of the case has been passed finally to the trial tribunal, the Judge who acts on the motion for a directed verdict.

However, this Court has quite definitely extended the time within which a nonsuit may be taken, in these exceptional proceedings, holding that the nonsuit right may be exercised up to the definite announcement of disposition of the motion by the Judge. *Brackin* v. *McGannon*, 137 Tenn., 207, 192 S. W., 922; *Darby* v. *Pidgeon Thomas Iron Co., supra*. Both of these cases hold that it was error to deny the right of nonsuit moved for before definite and final action by the Judge on the motion for a directed verdict. This was, as stated, an extension of the limitation set by our statutes for trials generally, but the practice of directing verdicts being of Court origin, the Court was within its prerogative in making this exceptional provision for time in these cases. The facts of the *Darby Case* are thus stated in the opinion: ''At the conclusion of the plaintiff's evidence a motion for a directed verdict was made by the defendant company. Thereupon plaintiff introduced other evidence, at the close of which the court remarked: 'Well, the evidence is not sufficient. The motion will have to be sustained.' Whereupon the plaintiff announced that he would take a nonsuit, to which the court replied: 'It is too late now, Brother Hays.' To this action of the court the plaintiff duly excepted.''

And that opinion thus states the facts of the *Brackin Case*: "In the case of *Brackin* v. *McGannon,* 137 Tenn., 207, 192 S. W., 922, a motion for a directed verdict had been made. After the motion had been argued at some length, the court suggested that he was of the opinion that the motion would have to be sustained, but adjourned court until another day of the term, in order to give counsel an opportunity to examine authorities and to further consider the motion. Upon the reconvening of court, and before the court had acted on the motion of defendant, the plaintiffs moved the court to permit them to take a nonsuit, which motion was disallowed by the trial judge."

It will be seen that on the facts of these cases, the plaintiff applied for a nonsuit "before the Court had acted on the motion of defendant" for a directed verdict, when the Court had done no more than indicate what his action would be.

Now neither of these cases are decisive of the case before us. Here, as above shown, not only was no application for a nonsuit made before the decision of the question on the motion was submitted to the Court, but none was made until after (1) the definite announcement of his decision, and (2) the formal entry thereof, without exception, on the minutes of the Court, and (3) the intervention of further proceedings, on a subsequent day. Neither in the cases above cited, nor in any other case, has this Court held that the right of a plaintiff to take a nonsuit still remains open at such a belated stage of the proceedings. We do not think the time should be thus further extended. This view is consistent with our former holdings and is strenghtened, in principle, by our statutory limitations upon this right. Code, Sections 8816, 8818. It is also consistent with the well-es-

tablished practice that a motion for a directed verdict may be sustained and the suit dismissed on consideration of a motion for a new trial. *Bostick* v. *Thomas,* 137 Tenn., 99, 191 S. W., 968; *Woolworth Co.* v. *Connors,* 142 Tenn., 678, 222 S. W., 1053.; *Barnes* v. *Noel,* 131 Tenn., 126, 174 S. W., 276.

The learned Annotator of Williams' Code thus states the rule in notes, on page 215 of Volume 6, under the subhead "Timely Motions for Nonsuit:"

"Plaintiff is entitled to a nonsuit as a matter of right, without showing good cause, before the court's decision on a pending motion for a directed verdict. *Brackin* v. *McGannon,* 137 Tenn. (10 Thomp.), 207, 192 S. W., 922. See also *Sprankle* v. *Meycrnick,* 4 Tenn. Civ. App., 515, holding that, after a motion has been made for the direction of a verdict for the defendant, the plaintiff may take a nonsuit before that motion has been disposed of.

"Plaintiff may take a nonsuit at any time before the case is finally submitted to the jury in a jury case, or before the case is finally submitted to the court in a case tried before the court without the intervention of the jury. *Huff* v. *Department of Highways & Public Works,* 3 Tenn. App., 277."

It is the general rule that a voluntary dismissal, leaving intact the right to commence a new action, must be made, at the latest, before final decision of the case or question, before a decree adjudging the rights of the parties.

We are of opinion that after a trial judge has definitely sustained a motion for a directed verdict, as distinguished from merely intimating or suggesting that such will be his action,—a practice commonly taken as an invitation for further argument, or, sometimes, as a

suggestion of an opportunity for the taking of a nonsuit —a motion for a nonsuit comes too late.

The argument is made that this record does not show that the jury was ever actually and in fact given the case for consideration and that, therefore, the point had never been reached when the jury had begun ''to consider of their verdict.'' We think, on the facts of this case, conceding that the statute invoked has application to this Court established practice, the substance of the requirement was met by the calling in of the jury and the statements made to the jury by the trial Judge of his conclusions and the entry on the minutes copied above into this opinion. Every reasonable opportunity was thus given the plaintiff to take a nonsuit. The well-known and generally followed practice is, approved at least inferentially by this Court, that the jury does not leave the box, but there receives the instruction and direction of the Judge, followed by a minute entry showing the action taken. The facts of the instant case justify its decision as above indicated, consistently with our former holdings, and we have not found it necessary to discuss the matter of whether the case is taken from the jury by the motion for a directed verdict, by analogy to the rule applied to demurrers to the evidence, or other questions interestingly discussed in the opinion of the Court of Appeals.

The judgment of the Court of Appeals, affirming the trial Court, is affirmed.