HERFF MOTOR CO. *v.* SEEWALD.

(*Nashville,* December Term, 1942.)

Opinion filed July 3, 1943.

KING, KING & LAUGHLIN and THOMAS C. FARNSWORTH, all of Memphis, for plaintiff in error.

ABE D. WALDAUER and HARRY U. SCRUGGS, both of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The parties herein will be referred to according to their status in the lower court.

The plaintiff, Herff Motor Company, stored a number of automobiles with the defendant Seewald, receiver of Central Garage. It is insisted by plaintiff that these automobiles were damaged by freezing and he instituted this suit, along with several other suits, to recover damages for each of the automobiles.

The defendant insists that this procedure involves a splitting of the cause of action and, therefore, plaintiff is precluded from recovering a judgment except on one automobile, the one involved in the present suit.

The plaintiff recovered a judgment against the defendant in a justice of the peace court and the defendant appealed to the circuit court. Thereupon the plaintiff appeared in court, after having notified the defendant, and sought to take a voluntary nonsuit in all the cases. At the same time plaintiff made this motion the defendant made a motion to dismiss his appeal.

Plaintiff relies upon section 8816 of the Code providing as follows:

"The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has plead a set-off or counterclaim, the latter may elect to proceed on such counterclaim in the capacity of a plaintiff."

The defendant concedes that the plaintiff has the right to take a nonsuit at any time before the case is submitted to the jury, or at any time before the case goes to the court for decision, but that plaintiff will not be permitted to take a nonsuit where it prejudices some right already accrued to the defendant. *Barnes* v. *Noel*, 131 Tenn., 126, 174 S. W., 276. In other words, in the instant case, the defendant contends that by dismissing his appeal this leaves the judgment of the justice of the peace in full force and, therefore, plaintiff would only be entitled to recover damages in the one suit, he having elected to institute separate suits. Where an appeal comes from a judgment of the justice of the peace to the circuit court the case is tried *de novo*. Certainly, the motion to take a voluntary nonsuit was made before the case was ever passed to the court for decision. *Graves* v. *Union R. Co.*, 177 Tenn., 699, 152 S. W. (2d), 1026.

The respective motions of the parties were presented to the trial court contemporaneously, and we are of opinion that the trial judge was within his rights under the section of the Code above quoted in permitting a nonsuit. The contention of the defendant applies only to some right interfered with in the instant suit. We are of opinion that the above statute is controlling and that the motion of the plaintiff, coming before the submission of the case to the jury, or its submission to the court for a decision, was properly granted.

We think the trial judge reached the right conclusion and his judgment is affirmed with costs.