McCANN STEEL CO. *v.* CARNEY.

*(Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

ARMISTEAD, WALLER, DAVIS & LANSDEN, all of Nashville, for plaintiff in error.

M. S. ROSS and JAMES W. RUTHERFORD, both of Nashville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a workmen's compensation case in which the widow of the deceased worker filed suit to recover compensation for his accidental injury and death. The deceased, Turner Albert Carney had worked for the Mc-Cann Steel Company as a regular employee for more than a year prior to his death on December 2, 1947. The widow, who will be referred to as the petitioner, alleged in her petition that her deceased husband, while working at some mechanical work for his employer, suffered an injury to his hand; that the injury occurred on or about the 12th or 13th of November, 1947; that he was at once sent to the company physician, Dr. Rippy, who was absent and the latter's assistant rendered first aid; that "on or about the 14th or 15th of November, 1947, blood poisoning set up in said wound, as a result of which the said employee became totally disabled and remained disabled until December 2, 1947, on which date he died"; that he left surviving him his widow, the petitioner, and a minor child about three (3) years old.

The answer of the defendant was as follows: "It is denied that on or about that date the said Carney received an accidental injury arising out of and during the course of his employment. On or about the 3rd day of November, 1947, the said Carney did receive an accidental injury arising out of and during the course of his employment and he was sent to the company's doctor and rendered medical attention. It is denied that the said Carney received any accidental injury arising out of and during the course of his employment which resulted in his death. It is admitted that he died on or about December 2, 1947, and was survived by petitioner and two minor children, as alleged in the petition, as his dependents. It is admitted that he and his em-

ployer had accepted all the terms and provisions of the Workmen's Compensation Act of Tennessee.''

At the conclusion of the plaintiff's case (the defendant Steel Company offered no evidence) counsel for the petitioner asked leave to take a nonsuit, which was resisted on the ground that the case having been concluded and submitted to the trial judge for his decision that the motion came too late. The court overruled the objection and allowed the nonsuit. The judgment recited that the case came on to be heard on December 21, 1948, ''upon the entire record, proof in the case and argument of counsel. Whereupon the case was submitted to the court for decision. Thereafter the petitioner moved the court for leave to take a nonsuit, which motion the court granted.'' Etc.

The Steel Company moved the court for a new trial, contending that it was error to allow the petitioner to take a nonsuit and that there was no evidence upon which a judgment could be rendered in petitioner's behalf.

In response to the motion for a new trial the special judge, Hon. WILLIAM F. CARPENTER, entered an order correcting his former judgment by inserting therein the entire colloquy between the counsel and the court, concluding with the following:

''This cause is before the Court upon a motion for a new trial.

''At the conclusion of the Plaintiff's proof defendant made a motion that the cause be dismissed. While the Plaintiff's attorney was making his argument, upon this motion, he made an application to be permitted to take a non-suit, which application was granted by the Court.

''The Court felt then, and feels now, that this application was proper. *Graves* v. *Union Railway Company,* 177 Tenn. 699, 152 S. W. (2d) 1026,

"The Court's attention has been called to the Order which was entered in this cause. This Order was drawn by the attorneys and not by the Court. The Order is not accurate.

"The Court feels that it should be corrected. Code Section 8721.

"This Memorandum will be filed and made a part of the record in this cause. An Order will be entered in compliance herewith correcting the Order and overruling the defendant's motion. An Exception will be noted by the defendant to the action of the Court and it will be given leave of (30) thirty days to prepare and file the record."

The trial judge granted leave to file a wayside bill of exceptions, and the same being duly signed was filed as a part of the record.

The case was later tried before the HON. RICHARD P. DEWS, Judge etc., resulting in a judgment sustaining the petition and making an award for the dependents of the deceased. The Steel Company's motion for a new trial was heard and overruled and an appeal allowed to this Court.

The assignments of error complain (1) "that the court erred in allowing the petitioner to take a nonsuit as the case had been submitted to the court for final decision", and (2) "The court erred in not sustaining the defendant's motion to dismiss the case as there was no evidence upon which the court could have based a judgment against the defendant."

Upon full consideration of all that transpired in the trial court at the time the motion for a nonsuit was made and allowed we think the case of *Graves* v. *Union Ry. Co.*, 177 Tenn. 699, 152 S. W. (2d) 1026, fully supports the action of the trial judge in allowing the non-

suit. It is not at all necessary that we review the cases cited by MR. JUSTICE CHAMBLISS in that case. There was a sharp dispute between the counsel as to whether or not the case was finally closed and submitted to the trial judge for decision. We think the trial judge is in a far better position to decide this dispute than this Court. He is presumed to know if and when the plaintiff's counsel has cut himself off from his right to a nonsuit. Moreover where the right to take a nonsuit is in dispute as to the time when the motion should be seasonably made, and there is some evidence to support the action of the trial judge, the issue is thereby foreclosed. The first assignment of error is overruled.

We pretermit any consideration of petitioner's contention that the bill of exceptions on the second trial was filed too late. It is a controversial issue in which the doubt is resolved in favor of the defendant.

The second assignment of error complaining that the trial judge erred in not dismissing the case because there was no evidence upon which the court could base a judgment is without merit. The chief argument of defendant's counsel is that the death of the employee did not arise out of his employment; and that the cause of his death is a matter of pure speculation.

The discrepancy as to the date when the deceased hurt his hand, which resulted later in blood poisoning and death, is so slight that it is of no importance as affecting the right of the parties. The petition alleges that it occurred "on or before the 12th or 13th of November, 1947." The answer fixed the date as "on or before November 3, 1947." There is no dispute as to the date of his death.

We construe the pleadings, and the time when the accident is said to have occurred, as referring to the

same accident. There is no suggestion in the record that there was other than a single accident. The petitioner's right to recover is not dependent upon admissions in the defendant's answer because there is material evidence that the cause of the employee's death arose out of and in the course of his employment.

██ ██ We agree with defendant's contention that if the cause of the accident and injury is a matter of speculation it is not compensable. It is also settled law that there must be a causal connection between a workman's accidental injury and his death and the nature of his employment. We find the following testimony which supports the petitioner's theory of the case that the accident arose out of and in the course of deceased's employment. A fellow worker, Kelly, testified that he observed Mr. Carney as he left the garage with a battery to put in a truck that was standing nearby, and upon his return he noticed a fresh cut on the back of his hand; that he was gone for only a few minutes. He saw no blood on his hand as he left the building but was positive that he saw "fresh blood" immediately upon his return. The cut place on the hand was about the size of his finger nail.

The petitioner testified that her deceased husband was in good health at the time of the alleged accident; that following the accident to his left hand it became badly swollen and he was sent to the company's doctor. "He came home on Saturday about 2:00 o'clock and went to bed and never got up any more." "His arm was entirely red plumb up to his elbow." It is not a matter of dispute that he died shortly thereafter (December 2, 1947) with blood poisoning, or as diagnosed by the attending physician as "septicemia". Dr. Woodroof testified that he gave him blood transfusions and penicillin, 100,000

units every three hours. This was done to "correct the blood infection". He did not think that the drugs administered "would have any connection with leukemia." Dr. Woodroof called in another physician, Dr. Alvin Keller, for consultation. He testified that blood poisoning could result from an injury such as Mr. Carney sustained. He expressed the opinion, "I think it contributed to his death." (Tr. P. 76).

It is undoubtedly true that the deceased employee was suffering from leukemia, a disease commonly known among laymen as cancer of the blood, and is incurable. Dr. Keller when questioned regarding this deadly disease said: "The patient would have eventually died of leukemia but I don't believe he would have died as quickly."

█ █ The argument of defendant's counsel that the cause of death was leukemia and that it had no causal connection with his employment is not a sound premise upon which to base a legal conclusion, that this is not a compensable case. The authorities are abundant to the effect that sickness, or any idiopathic condition, is considered as a "remote cause". If another cause, incident to the employment, is present and is the immediate cause of the injury and death it is an injury "arising out of" the employment. See *Tapp* v. *Tapp.*, 192 Tenn. 1, 236 S. W. (2d) 977, opinion for publication. Scheider's Workmen's Compensation has an excellent statement of law on the question of causation which we are pleased to quote with approval. It reads as follows: "The accident does not have to be one that would injure a person of ordinary intelligence or ordinary health or ordinary strength. It is sufficient if it injure the employee in the condition in which he is working when injured. If frail, mentally defective, or is carrying a disease—latent or

active—and is injured by an accident arising out of and in the course of the employment, the accident and not the infirmity is the proximate cause of the injury. The injury would not have occurred if the accident had not happened, neither would it have occurred if the employee had been a normal person. But the infirmity is a passive or dormant agency and would not have caused the disability or death without assistance. The accident, on the other hand, is an active agency and its adverse effects and cause are immediate and generally noticeable. And it is the proximate cause of those disabilities which it adds to the employee's previous infirmities, and which he would not have if the accident had not occurred.'' (Vol. 6, Permanent Edition, page 34).

The assignments of error are overruled and the judgment of the trial court is affirmed.

All concur.