HÜEY BROTHERS LUMBER Co. et al.

*v.*

CLARA ETHEL KIRK.

357 S.W.2d 50.

(*Jackson,* April Term, 1962.)

Opinion filed May 4, 1962.

MILES & MILES, C. W. MILES, III, W. M. MILES, Union City, for petitioner.

HEATHCOCK, ELAM & CLOYS, Union City, for respondents.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation case and the only question involved was whether Clyde A. Kirk, deceased, husband of defendant, Mrs. Clara Ethel Kirk, died as a result of injury received arising out of and within the scope of his employment by Huey Brothers Lumber Company.

It appears that on November 23, 1959, the deceased was at work cutting timber for the Lumber Company, and while thus engaged, suffered a rupture of one of the blood vessels in his head, which eventually caused his death several days later.

It further appears that said decedent was afflicted with what is known as berry aneurysm and had been so afflicted for a number of years.

It further appears there was a direct and causal connection between the work that decedent was doing for the Lumber Company, and the rupture of a blood vessel in his head, and that the rupture of the blood vessel caused his eventual death, and that the present and immediate cause of his injury and death, to-wit: the rupture of said blood vessel, arose out of and in the course of his employment.

The Chancellor found in favor of the petitioner and awarded full compensation for his death.

It appears that the deceased, was at the time of his death, employed by Huey Brothers Lumber Company as a timber worker, was 44 years of age, weighed approximately 150 pounds, and was apparently in good health.

It further appears that during his employment, the deceased sometimes cut timber and on other occasions worked around the lumber yard, and there is no doubt under the proof but what the deceased was an employee of the Lumber Company.

It seems that the deceased had not, prior to the accident, been afflicted with headaches, and that he had been working for the Lumber Company for six or eight years and had missed very few days of work.

Frequently, the deceased used the power saw in cutting the trees and it appears that there is more strain cutting a standing tree than one lying down, and there is more strain connected with using a power saw when one uses it infrequently or is not used to it than when one uses it daily. The deceased used the power saw at intervals.

It appears that the use of the power saw would cause the deceased's arms and limbs to shake and was a considerable strain on him.

It also appears that using the power saw, the strain of cutting the tree would raise the blood pressure of the deceased or anyone using this kind of saw.

It further appears that on November 23, 1959, while the deceased was engaged in cutting a large tree he suddenly was seized with a very severe headache, had to quit work, was sent to a local doctor, who referred him to Doctor Schultz in Memphis, where he was hospitalized, was operated on, continued to get worse, and died on December 5, 1959.

His injury was diagnosed as congenital berry aneurysm, and that his death was caused by the bursting of the aneurysm or blood vessel in his head.

A berry aneurysm is a weak spot in a blood vessel similar to and is to be compared with a weak spot in an inner tube of a tire which, when the tire is inflated, bubbles out from the main body of the tire.

It seems when a blood vessel breaks, one of the symptoms of the same is a severe headache, and deceased was seized with a severe headache while cutting the tree, that is when the blood vessel burst.

It appears the sawing of a tree with a power saw would more likely cause the blood vessel to burst than otherwise.

There is much medical testimony that the nature of the work the deceased was doing pointed to an aggravation which led to or induced the attack, to-wit, the breaking of the blood vessel.

If the employment hastened the employee's death to any degree, the widow is entitled to recover. *McCann Steel Company v. Carney,* 192 Tenn. 94, 237 S.W.2d 942.

See also *Cambria Coal Co. v. Ault,* 166 Tenn. 567, 64 S.W.2d 18.

■ An employee, who dies in the course of his employment as a result of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced by ordinary exertion and the usual strain of work. *Coleman et al. v. Coker,* 204 Tenn. 310, 321 S.W.2d 540.

■ If ordinary exertion or usual strain produces an unusual result, the resulting injury is by accident and is compensable.

In the case of *Boyd v. Young,* 193 Tenn. 272, 246 S.W.2d 10, this Court held that the determinative issue is whether or not the lifting of the thirty or forty pound box of cheese by the deceased was such a strain upon the muscles near deceased cancerous tissue as to accelerate its growth and to hasten his death even though the deceased would have died of cancer anyway. But the case is still compensable if the accident so accelerated or aggravated it that it was a contributing cause to shortening his life. See also *Patterson Transfer Co. v. Lewis,* 195 Tenn. 474, 260 S.W. 2d 182; *Riverside Mill Co. v. Parsons,* 176 Tenn. 381, 141 S.W.2d 895.

■ On questions of facts, this Court is concluded by the findings of the Chancellor; there being material evidence to support his findings. *Smith v. Grizzard,* 149 Tenn. 207, 259 S.W. 537; *Odom v. Sanford,* 156 Tenn. 202, 299 S.W. 1045.

From the above, we are of the opinion that the widow is entitled to a full recovery herein and there is no error in the decree of the Chancellor and it is accordingly affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.