R. E. Butts Company, Inc.,
Plaintiff-in-Error,

*v.*

James Mackey Powell, Defendant-
in-Error.

463 S.W.2d 707

(*Jackson,* April Term, 1970.)

Opinion filed January 18, 1971.

Hewitt P. Tomlin, Jr., Waldrop, Hall & Tomlin, Jackson, for plaintiff in error.

R. Y. Jarvis, Memphis, for defendant in error.

Mr. Justice Cresox delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court of Madison County granting James Mackey Powell Workmen's Compensation benefits. The trial court awarded defendant in error Workmen's Compensation benefits for 100% permanent total disability to the body as a whole as a result of an accidental injury consisting of an attack of angina pectoris, aggravating, accelerating and contributing to arteriosclerotic heart disease and coronary occlusion.

In the course of this opinion the parties will be referred to as they appeared in the court below; that is, James Mackey Powell, as petitioner, and R. E. Butts Company, Inc., as defendant.

Petitioner had been employed with defendant for nearly two years as a truck driver. His job was to haul poultry to various places in the United States.

On August 31, 1967, about 2:00 A.M., petitioner arrived in Guntersville, Alabama, after having driven from Perryville, Missouri, to pick up a load of chickens. His

rig was loaded with chickens in coops, and petitioner began to secure the load by throwing chains over the chicken coops and securing the chains to both sides of the truck bed. Petitioner testified that this was the usual and ordinary method to secure a load of chicken coops; that he would stand on the ground and throw the chains, weighing about 15 pounds each, over the top of the chicken coops stacked ten high and in twelve to fifteen rows on the truck bed; that the truck was equipped with one chain per row of chicken coops; and that he had thrown two chains, and was throwing the third when a sharp pain struck him in his chest. Petitioner testified further that the chest pain caused him to become nauseated and sick; that he hired two of the men there to finish securing the load and that he left Guntersville and started to Corydon, Indiana, stopping numerous times along the way to relieve his nausea and pain.

Further testimony revealed that near his destination, petitioner was assisted by a fellow employee; that upon arriving at Corydon, Indiana, petitioner telephoned defendant to report his illness and delayed arrival; and, thereafter, petitioner was driven home to Milledgeville, Tennessee, by a fellow employee, and entered the VA Hospital in Memphis, Tennessee, on September 5, 1967. His condition was diagnosed as arteriosclerotic heart disease and angina pectoris. Petitioner has not been gainfully employed since he entered the hospital on September 5, 1967, and has been a patient in the VA Hospital in Memphis almost continuously since that date, except for occasional leaves of absence.

Six doctors offered medical testimony in this case. Their testimony revealed that petitioner had been suffering for some time with an arteriosclerosis heart disease,

and on August 31, 1967, petitioner suffered an attack of angina pectoris. Further, all six doctors testified that exertion such as that which petitioner engaged in while securing his load "could" have or "might" have caused the attack of angina pectoris. Five of the doctors were of opinion that petitioner's exertion could have accelerated or aggravated his arteriosclerotic heart disease to the point that it produced angina pectoris; the sixth doctor was of the opposite opinion; that is, it could not. All six doctors stated, too, that angina pectoris could be experienced by merely lying down or walking.

The trial judge was of opinion:

"That the Petitioner sustained a compensable injury under the workmen's compensation law of the State of Tennessee on August 31, 1967, while employed by R. E. Butts Company, Inc.; that said injury consisted of an attack of angina pectoris, aggravating, accelerating and contributing to arteriosclerotic heart disease and coronary occlusion."

Further, the court found that the petitioner had "sustained 100% permanent total disability to the body as a whole as a result of the accidental injuries set out in the petition. * * *" The Court awarded petitioner compensation in the amount of $42.00 per week for 400 weeks, beginning August 31, 1967, plus the sum of $3,-500.00 for necessary and reasonable medical treatment.

Defendant, R. E. Butts Company, Inc., filed a motion for a new trial, which was overruled, and has prayed for and perfected an appeal in the nature of a writ of error to this Court.

Defendant assigns as error the decision of the trial judge that petitioner sustained a compensable injury

on August 31, 1967. Defendant's position is that there has not been an accident nor a compensable injury to petitioner; that medical proof was to the effect that petitioner had for a long time suffered from an arteriosclerotic heart disease, and that sooner or later he would have had an angina pectoris attack anyway; that the pain petitioner suffered in his chest as a result of angina pectoris could not cause arteriosclerosis, but was only a symptom of the already existing disease; and that no doctor testified specifically that petitioner's exertion on August 31, 1967, did cause angina pectoris, or did accelerate his arteriosclerosis to produce angina pectoris, but, rather, five of the six doctors only said it "might" or that it "could". Defendant argues that such language is not enough upon which to base an award; and that petitioner's own testimony and defendant's work records revealed that petitioner did not exert himself out of the ordinary, nor had he worked an unusually long or strenuous week.

Defendant relies heavily upon *Hagewood v. E. L. Dupont* (1960), 206 Tenn. 239, 332 S.W.2d 660, as stating the proposition that:

"The mere manifestation of a heart condition without any proof of strain or overexertion at work does not show an accidental injury though the development of the heart disease may have been hastened by the employee's usual and ordinary work."

Defendant also cites and relies upon *Walker's Cash Stores, Inc. v. Livesay* (1965), 215 Tenn. 306, 385 S.W.2d 745, and cases cited therein; and *Travelers Insurance Co. et al. v. Evans* (1968), 221 Tenn. 199, 425 S.W.2d 611, and cases cited therein.

We have read and studied the cases cited by both petitioner and defendant, and are of opinion that the decision of the court below, in the instant case, must be affirmed. It must always be borne in mind that the Tennessee Compensation Act compensates for the accidental result. Through the course of prior decisions runs a clear thread to this effect; and the heart cases compose the classic example.

This Court adheres to the "accidental result" rule alluded to in Larson's Workman's Compensation Law, page 565, Sec. 38.83. There, it is said:

"There must still be an unexpected result, and there must still be an exertion—some exertion—capable medically of causing the collapse."

See also, 58 Am.Jur. p. 705 (Workmen's Compensation, Sec. 196); *Huey Brothers Lumber Co. et al. v. Kirk* (1962), 210 Tenn. 170, 357 S.W.2d 50; *Central Motor Express, Inc. v. Burney* (1964), 214 Tenn 118, 377 S.W. 2d 947; *Lawrence Leather Co. v. Britt* (1967), 220 Tenn. 444, 414 S.W.2d 830.

The issue upon which cases of this nature are determined is factual; that is, whether the employee experienced the disabling injury which may have accelerated an existing disease while at work on the job. If so, this Court has held in numerous cases that the injury is accidental and compensable under our Workmen's Compensation Statutes, even though the employee was not engaged in any spectacularly unusual strain or extraordinary exertion. See *Coleman v. Coker* (1959), 204 Tenn. 310, 321 S.W.2d 540, and cases cited therein; *Huey Brothers Lumber Co. et al. v. Kirk,* supra; *Ward v. Commercial Insurance Co. and Faircloth Chevrolet Co.*

(1963), 213 Tenn. 100, 372 S.W.2d 292, and cases cited therein, with particular reference to *Patterson Transfer Co. et al. v. Lewis* (1953), 195 Tenn. 474, 260 S.W.2d 182.

The case last cited above holds:

"The elaborate argument that this testimony was speculation, is not persuasive, since expert medical opinion on the mysterious functioning of the human body must always be more or less speculative, and we are not called on to draw a line between expert 'speculation' and expert 'opinion' since the acceptance of the testimony and the credibility of witnesses are foreclosed by the decision of the trial judge."

Further, the Court said:

"Our Workmen's Compensation Act, Code sec. 6852 (d) (now T.C.A. sec. 50-902(d)), provides compensation for 'injury by accident'. There is no suggestion in the statute that such 'injury by accident' is limited to injury caused by 'violent, external, accidental' means as provided in many policies of accident insurance. In the case before us, the dislodgment or displacement of an arterial clot caused an occlusion or stoppage in the heart which was fatal. The dislodgment of the clot was internal, but it was, nevertheless, accidental and an injury, compensable under the statute."

The cases cited by defendant on this point all contain factual situations in which the Court has seriously inquired as to whether the petitioner's activities which led to his injury occurred on the job or off. In each case the Court concluded that there was no causal connection between petitioner's work and the injury; that is, the casualty was not related.

Such is not the factual situation here. In the present case, there is ample evidence to conclude that petitioner was doing the work that he was employed to do at the time he suffered the attack which resulted in his disabling injury, as found by the trial court.

We are of opinion that there is material evidence to support the lower court's award of compensation to petitioner. The judgment of the court below is affirmed; the costs of the cause being assessed against R. E. Butts Company, Inc.

DYER, CHIEF JUSTICE, CHATTIN and McCANLESS, JUSTICES, and ADAMS, SPECIAL JUSTICE, concur.